## The Trinacria.[1]

### Marx et al. v. The Trinacria.

*(District Court, S. D. New York. May 28, 1890.)*

**SHIPPING—CARRIAGE OF GOODS—BILL OF LADING—NEGLIGENCE—FOREIGN LAW.**
 Glycerine was stowed on a British ship at Genoa, Italy, and brought to this country under a bill of lading, which, besides the ordinary exception of perils of the sea, contained an exception against liability for loss occasioned by leakage or stowage, or by negligence of any person in the service of the ship. This latter exception is

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

valid both by English and by Italian law. The vessel had a very long and boisterous passage, and out of 116 drums 5 were delivered damaged by cuts, with some consequent loss of glycerine by leakage. *Held*, the foreign law governed as to any negligence within the foreign jurisdiction, and whether the damage was occasioned by perils of the sea, or by negligent stowage at Genoa, the libelant could not recover; there being no negligence shown or presumed, in this country, or from acts committed on the high seas.

In Admiralty.

*George A. Black*, for libelant.

*Hill, Wing & Shoudy*, for claimant.

BROWN, J. The libel was filed to recover damages for the loss of glycerine in transportation from Genoa to New York. One hundred and sixteen drums were shipped, five of which were found on delivery to show cuts in the drums, through which more or less of the glycerine had escaped. The vessel was a British vessel, and the bills of lading excepted loss through negligence by any person in the service of the ship, loss from leakage, stowage, or peril of the seas. Both the English and the Italian laws sustain these exceptions as valid. As the contract was made in Italy by an English master of an English ship, and by an English bill of lading, the contract and the exceptions above referred to are valid as respects all acts done thereunder within Italian territory. It is no part of the law or policy of this country to invalidate the contracts of parties lawfully made abroad, so far as respects performance there, or to apply our law to the consequences of such performance there, the acts being neither criminal, by our law, nor *mala in se*. It is a wholly different question whether the courts of this country should sustain contracts or stipulations, as regards acts performed and designed to be performed, either on the high seas or within the exclusive jurisdiction of this country, when such stipulations are by our law void on grounds of public policy. See *Liverpool, etc., Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 459, 9 Sup. Ct. Rep. 469; *The Brantford City*, 29 Fed. Rep. 373, 391.

Upon the evidence in this case, I am satisfied that the cuts through which this leakage arose were not made within this country, but arose upon the voyage, in consequence of the long-continued very heavy weather that the ship experienced; that is, by sea perils. Other parts of the cargo showed damage from the same cause. For such damage the ship is not liable unless the stowage was negligent. The evidence here shows all possible care in the stowage. If, however, there was any fault in the stowage, inasmuch as that was done at Genoa, where the contract was made, and where the exception as to stowage was valid, and there was no negligence except at Genoa, no recovery on that ground could be had. The libel must therefore be dismissed, with costs.