## BAETJER v. LA COMPAGNIE GENERALE TRANSATLANTIQUE.

(District Court, S. D. New York. February 15, 1894.)

SHIPPING—BILL OF LADING—FOREIGN LAW—EXCEPTION OF NEGLIGENCE—LAW OF JURISDICTION WHERE INJURY OCCURRED.

The peculiarity of a patch put upon a cask of brandy brought from Cognac to New York, via Havre, indicated that it must have been put on at Havre. The bill of lading excepted the carrier from the results of negligence of the servants or agents, which exception is valid by the law of France. *Held* that, if the injury occurred during land transit from Cognac to Havre under a contract other than the bill of lading, this court would have no jurisdiction; if it arose under the bill of lading, but wholly within foreign territory, the law of that jurisdiction would prevail; and in either event the ship was not liable.

In Admiralty. Libel for damage to cargo. Dismissed.

D. McMahon, for libelant.

Jones & Govin, for respondent.

BROWN, District Judge. The peculiarities about the lead patch over the hole in the cask of brandy, leave no doubt that the patch was made in Havre, and consequently that the breakage of the stave, which caused the loss of the contents, occurred either in Havre, or before its arrival there, during its passage from Cognac to Havre. The bill of lading was stamped, dated at Cognac, which is about 300 miles from Havre. It recites the cask as received in good order upon the steamer La Champagne, or upon the next following steamer; and it is doubtful from what point the stipulations of the bill of lading should be deemed applicable. If the injury arose during transit by land from Cognac to the steamer at Havre, upon a contract outside of the bill of lading, then the negligence and the damage were not maritime, and this court would have no jurisdiction. If, on the other hand, the bill of lading is held to cover the whole transportation by land and sea from Cognac to New York, as an entire contract, then the exceptions in the bill of lading must also apply to the whole carriage; and these exempt the carrier from negligence of its agents or servants. These exemptions are valid by the law of France, which has been pleaded in the amended answer, and proved upon the final hearing. To acts of negligence and consequent damage occurring, not on the high seas, but within foreign territory, the law of that jurisdiction must, I think, prevail; and as no cause of action arises according to the law of the jurisdiction within which the injury occurred, none, I think, can be recognized here. Such was the view expressed in the case of The Trinacria. 42 Fed. 863.

If the damage occurred, however, after the brandy was delivered to the ship's representatives in Havre, inasmuch as the breakage, if negligence at all, was through negligence before the ship sailed, the negligence and the damage were still wholly within the French jurisdiction, and therefore subject to the same valid exception.

The libel must, therefore, be dismissed.