BOTANY WORSTED MILLS v. KNOTT.

WINTER et al. v. SAME.

(Circuit Court of Appeals, Second Circuit. July 21, 1897.)

1. SHIPPING—DAMAGE TO CARGO.

Negligence in loading and stowing at a port of call, whereby the ship gets down by the head, so that sugar stowed next to wool, with a temporary bulkhead between, drains forward, and damages the wool, is not negligence "in the management of the vessel," within the meaning of the Harter act, so as to relieve the owners from liability. 76 Fed. 582, affirmed.

2. SAME—BILLS OF LADING—EXCEPTIONS—LAW OF THE FLAG.

A provision in a bill of lading, containing an exception of damage from negligent stowage, that the contract should be governed by the law of the flag (English), is not enforceable in our courts, being against the public policy of this country. 76 Fed. 582, affirmed.

Appeal from the District Court of the United States for the Southern District of New York.

These were libels filed respectively by the Botany Worsted Mills and by Henry P. Winter and others against James Knott, owner of the Portuguese Prince, to recover for damage to a cargo of wool shipped from Pernambuco to New York, such damage having occurred by the drainage forward of wet sugar stowed next aft of the wool, and separated therefrom by a temporary bulkhead. The district court entered a decree for the libelants (76 Fed. 582), and the respondent has appealed.

J. Parker Kirlin, for appellant.
Lawrence Kneeland, for Botany Worsted Mills.
Wilhelmus Mynderse, for Winter et al.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.   We agree in this case with the court below that the damage to the wool of the libelant was due, not to "fault or error in the management or navigation of the vessel," but to negligence in the loading or stowage of the cargo; and deem it unnecessary to add anything to the observations of Judge Brown upon the point.   A majority of the court also concur in the conclusions of the court below that the exception in the bill of lading for liability for "damage by stowage,   *   *   *   though caused by the negligence of the master," notwithstanding the provision that the contract should be governed by the law of the flag (English), did not relieve the owner of the steamship, such a stipulation being against the public policy of this country, and therefore not enforceable by its courts; and approve the decisions in The Trinacria, 42 Fed. 863; The Glenmavis, 69 Fed. 472; The Iowa, 50 Fed. 561.   In this view of the case it is unnecessary to decide whether the prohibitions of the Harter act apply to a bill of lading issued at a foreign port.   The decree is affirmed, with interest and costs.

LACOMBE, Circuit Judge, concurs in result.